UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LEONARDO LOPEZ BOHORQUEZ,

Petitioner,

v.

KRISTI NOEM, et al.,

Respondents.

No. 1:25-cv-01875 DJC SCR

FINDINGS & RECOMMENDATIONS

Petitioner was, at the time he filed this case, a federal immigration detainee proceeding with a habeas corpus action pursuant to 28 U.S.C. § 2241. The petition raised, *inter alia*, a Fifth Amendment due process challenge to his re-detention without a pre-deprivation hearing and continued detention by Immigration and Customs Enforcement ("ICE"). After granting a preliminary injunction, the assigned District Judge referred the matter to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. ECF No. 9.

**I. Factual and Procedural History**

District Judge Calabretta ordered, by way of a preliminary injunction, Petitioner's release and that Petitioner not be re-detained by immigration officials absent certain constitutional protections. ECF No. 9. Judge Calabretta then stayed the merits of the petition pending the Ninth Circuit's decision in the appeal of Rodriguez Vasquez v. Bostock, Case No. 25-6842, and referred the matter to the undersigned for further proceedings. Id.

On July 30, 2026, the Ninth Circuit issued its ruling in Rodriguez Vasquez and confirmed that noncitizens apprehended in interior of United States are subject to the discretionary detention regime at 8 U.S.C. § 1226(a). Rodriguez Vazquez v. Bostock, 183 F.4th 1160 (9th Cir. 2026). The undersigned then ordered the parties to "submit any additional briefs on the merits, or any stipulation as to how this petition should be resolved, within 14 days from the date of this order." ECF No. 13. Only Respondents filed a timely response, in which they acknowledge that 8 U.S.C. § 1226(a) governs in this case. ECF No. 14. The matter is now submitted pursuant to Local Rule 230(*l*). See ECF No. 13.

**II. Analysis**

For the reasons indicated in the Court's orders granting a temporary restraining order and preliminary injunction (ECF Nos. 8 and 9), which the undersigned adopts and incorporates as if separately set forth herein, it is recommended that Petitioner's § 2241 petition be granted based on the violation of Petitioner's Fifth Amendment right to procedural due process (Count Two). See Lopez v. Lyons, No. 2:25-CV-03174-DJC-CKD, 2025 WL 3124116 (E.D. Cal. Nov. 7, 2025); Singh v. Andrews, No. 1:25-CV-01543-DCJ-SCR, 2025 WL 3248059 (E.D. Cal. Nov. 19, 2025); Garcia Mariagua v. Chestnut, No. 1:25-CV-01744-DJC-CSK, 2025 WL 3551700 (E.D. Cal. Dec. 11, 2025); Souza v. Robbins, No. 1:25-CV-01597-DJC-JDP, 2025 WL 3263897 (E.D. Cal. Nov. 23, 2025).

**CONCLUSION**

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner's application for a writ of habeas corpus (ECF No. 1) be granted on the Fifth Amendment procedural due process claim only (Count Two)

2. The Court deny the remaining claims in the § 2241 petition in the interests of judicial economy since the requested relief has been granted.

3. The preliminary injunctive relief previously granted be made permanent.

4. Respondents' motion to dismiss (ECF No. 6) be DENIED.

5. The Clerk of Court close this case.

////

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **seven days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs. See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 15, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE